UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 03-cr-10014-01 |
| -vs- | JUDGE DRELL |
| TROY LYNN FORD (01) | MAGISTRATE JUDGE KIRK |

## RULING

Before the court is Troy Lynn Ford's motion for reduction in sentence (Doc. 285). For the reasons set forth herein, Ford's motion (Doc. 285) and the Administrative Entry Motion to Reduce Sentence (Doc. 278) are GRANTED.

Troy Lynn Ford (Ford) and several co-defendants were charged on September 9, 2003 in a multi-count indictment. On November 13, 2003, the Government filed a superseding indictment wherein Ford was charged with one count of conspiracy to distribute crack cocaine, marijuana, and dihydrocodeinone and with two counts of possession with intent to distribute crack cocaine.

On April 12, 2004, at a change of plea hearing, Ford entered a plea of guilty to the single count of conspiracy. U.S. Probation issued a presentence report setting forth the following: Ford faced a statutory sentence of 10 years to life and a guideline range of 360 months to life. The guideline range was based upon the following: despite being a career offender with an offense level of 37 and a criminal history of IV, the drug offense guideline offense level was higher, 39-IV, and therefore was the correct guideline to apply. Ford was sentenced on February 18, 2005 to 402 months imprisonment, a term of 5 years supervised release, a fine of $250,000, and a special assessment of $100.

The post-sentencing issues in this case involve various statute and guideline changes that Ford has argued and do provide vehicles for sentence reduction. Ford's first motion for sentence reduction was filed on May 21, 2008. (Doc. 210). This claim for reduction was made under 18 U.S.C.§3582(c)(2) but based upon Guidelines Amendment 706 which amended the crack cocaine guidelines to provide the court discretion on sentence reduction based on an amended guideline range reduction authorized (but not mandated) in Amendment 706. Despite the fact Amendment 706 resulted in Ford's offense level being reduced to 37 from 39, his guideline range remained 360 months to life. Thus no sentence reduction was granted by the Court. (Doc. 213). That determination was affirmed by the Fifth Circuit when Ford's appeal was dismissed as frivolous. (Doc. 217).

On November 14, 2011, Ford filed an additional motion again seeking a sentence reduction and for the assistance of an attorney to obtain the requested relief. This time, Ford cited the Fair Sentencing Act of 2010 (which he described as "the 18 to 1 crack low"), Pub.L.No.111-220, 124 Stat. 2372 (2010), and its retroactive application as the basis for a reduced sentence. U.S. Probation personnel advised that pursuant to the Fair Sentencing Act, Ford was entitled to a two level reduction of his offense level (from 37 to 35) and his criminal history remained a IV. They further advised that the applicable changed guideline range was 292 to 365 months. Based upon the Fair Sentencing Act, 28 U.S.C. §3582, and 358, the court amended Ford's sentence on May 16, 2012 and ordered him to serve a reduced term of 360 months imprisonment and 5 years supervised release. (Doc. 251). Ford initially appealed but then voluntarily dismissed his appeal (Doc. 262).

On April 29, 2015, the court ordered review of Ford's case per Guidelines Amendment 782 which became effective in late 2014. Amendment 782, referred to as "The Drugs Minus Two

Amendment" lowered most drug quantity guidelines by two levels. On April 14, 2016, the court received Ford's letter motion requesting his sentence be recalculated as he believed he was entitled to an additional two point reduction in light of the passage of Amendment 782. (Doc. 285). Ford also requested that he be appointed new counsel as his current court appointed attorney would argue for a reduction of one point, rather than two. (Id.) On April 26, 2016, the court denied the request to appoint new counsel as Ford already had retained counsel of record. (Doc. 286). The motion to reduce sentence lingered awaiting action from counsel, which the Court ordered several years later. (Doc. 316).

In the interim, in December 2018, Section 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), was enacted and authorized district courts to impose a reduced sentence for prisoners who were convicted for certain crack cocaine offenses. The United States Sentencing Commission identified Ford as potentially eligible for a reduced sentence under the Act.

On March 18, 2019, current counsel enrolled as his attorneys but no action was taken by them until they responded in January 2020 to the Government's opposition to Ford's being resentenced under the First Step Act. (Doc. 299).

On January 30, 2020, the court issued an "Amended Sentence" in which it cited Section 404 the First Step Act as the basis for the amendment to Ford's sentence. (Doc. 300). However, it has come to light that the amended sentence was based upon an outdated report provided by U.S. Probation calculating Ford's guidelines after the passage of the Fair Sentencing Act and Amendment 782. In the erroneous report, Ford's offense level was calculated to be 34 with his correctly stated criminal history score of VI. The corresponding guideline range was deemed a term of 262 to 327 months imprisonment. No change was warranted nor recommended to amend

the term of supervised release. Based upon the unfortunately erroneous report the court reduced Ford's term of imprisonment to 327 months. At the time, because of the error the court did not have the benefit of a proper calculation of Ford's correct guideline range considering passage and impact of Section 404 of the First Step Act.

Ford now seeks a reduction in sentence to reflect a properly calculated sentence after the passage of both the Fair Sentencing Act and the First Step Act. As the court has not yet ruled upon Ford's request based upon Amendment 782 of the Fair Sentencing Act, and considering the corrected guideline information following the First Step Act, we find he is eligible for an amended sentence.

The Government argues that no reduction is warranted because Ford is a nevertheless a career offender; however, the Government mistakenly observes and argues in brief that Ford's statutory exposure as a career offender is still 10 years to life. We find, however, that position to be incorrect.

Statutorily, prior to the Fair Sentencing Act a defendant who possessed 5-50 grams of crack would have faced a statutory sentence of 5 to 40 years in custody and a defendant who possessed 50 or more grams of crack would have faced a statutory sentence of 10 years to life. After the Fair Sentencing Act, the statutory penalties changed. A defendant who possessed 28-280 grams would then potentially be sentenced 5 to 40 years and a defendant who possessed 280 grams or more would face a statutory penalty of 10 years to life.

Here we must consider the nature of the original charges. Under the superseding indictment charge in this case Ford was responsible for over 50 grams of crack. However, there is no record evidence as to the exact amount. At the time when Ford was sentenced (Pre-Booker) the guidelines were mandatory and precision in evidentiary proof of drug amounts was less

4

precise. Thus, we are without proof as to whether or not Ford possessed 280 grams or more of crack cocaine. As such, in merely reviewing the case for post-sentence reduction, we cannot properly hold Ford responsible for anything more than the 28-280 grams of crack. Thus, his statutory exposure is presently 5 to 40 years.

The corrected report from U.S. Probation correctly determines Ford's current maximum statutory limit is 40 years. His criminal history score remains a VI but his point score is lower. Although his career offender score is 31 (originally a score of 34 with a reduction of three points for acceptance of responsibility), his drug based guideline score is 33 and the higher of these two scores must be used. Accordingly, the guideline range for a score of 33 with a criminal history of VI is a term of 235 to 293 months imprisonment and a term of 4 years supervised release.

Based on the current Guidelines Manual, effective November 1, 2018, the retroactive application of the Fair Sentencing Act of 2010 and Section 404 of the First Step Act of 2018, effective December 21, 2018, Ford's guideline range is 235-293 months with a term of supervised release of 4 years. We thus find that his corrected sentence should be 293 months in custody of the Bureau of Prisons with 4 years of supervised release, all under the same conditions. In making this finding we have reconsidered the factors under 18 U.S.C. §3553(a) and find nothing there that is persuasive toward further modification.

A judgment amending Ford's sentence in accordance with the reasons set forth herein will be issued in due course.

THUS DONE AND SIGNED at Alexandria, Louisiana this 8th day of October 2021.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT